## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| SHELIA FAY DYER, a citizen and resident of Blount County, Tennessee, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. |
| THE HARTFORD d/b/a Hartford Life Group Insurance Company, an insurance entity licensed to do business and doing business in the State of Tennessee, and WAL-MART STORES, INC., | ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## COMPLAINT

Comes now the Plaintiff, Shelia Fay Dyer, by and through counsel, and for cause of action would state as follows:

### JURISDICTION

1. The Plaintiff, Shelia Fay Dyer, is a citizen and resident of Blount County, Tennessee.

2. The Defendant, The Hartford ("Hartford") is an insurance company with its principal place of business in Chicago, IL, and may be served with process through the Tennessee Commissioner of Insurance, 500 James Robertson Parkway, Nashville, TN 37243. At all material times Defendant, Hartford, acted by and through its agents, servants and/or employees who, in turn, were acting within the course and/or scope of their agency or employment.

1

3. The Defendant, Wal-Mart Stores, Inc. ("Wal-Mart") is a company duly organized under the laws of Delaware, with its principal place of business at 702 S.W. 8th Street, Bentonville, Arkansas 72716. Wal-Mart may be served with process through its registered agent, CT Corporation System, located at 800 South Gay St. Suite 2012, Knoxville, Tennessee, 37929. At all material times Defendant, Wal-Mart, acted by and through its agents, servants and/or employees who, in turn, were acting within the course and/or scope of their agency or employment.

4. The Plaintiff brings this action to recover benefits due for her Long Term Disability under Hartford's long term disability insurance policy ("Policy") pursuant to the Employment Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.* (ERISA), and particularly 29 U.S.C. § 1132(a)(1)(B).

5. Jurisdiction over Plaintiff's claim is conferred on this Honorable Court pursuant to 29 U.S.C. § 1132(e)(1).

6. Venue over Plaintiff's claim is conferred on this Honorable Court pursuant to 29 U.S.C. § 1132(e)(2).

7. The Plaintiff at all times relevant to this action was a "participant" in the Policy as defined by 29 U.S.C. § 1002(7)

8. The Policy is an "employee welfare benefit plan" as defined by 29 U.S.C. § 1002(1).

9. The Defendant, Hartford, is a "party in interest" as defined by 29 U.S.C. § 1002(14)(A) and a "named fiduciary" as defined by 29 U.S.C. § 1102(a)(2)(A) which has the authority to control and manage the operation and administration of the plan pursuant to 29 U.S.C. § 1102(a)(1).

2

10. The Defendant, Wal-Mart, is a "party in interest" as defined by 29 U.S.C. § 1002(14)(A) and a "named fiduciary" as defined by 29 U.S.C. § 1102(a)(2)(A) which has the authority to control and manage the operation and administration of the plan pursuant to 29 U.S.C. § 1102(a)(1).

FACTS

11. Plaintiff worked for Defendant Wal-Mart for a period of approximately 18 years.

12. Plaintiff developed certain physical conditions, including a right-sided brain shunt to remove excess spinal fluid, right knee replacement, left knee injuries, and diminished visual capacity, that made it difficult for her to work, and ultimately Plaintiff's conditions resulted in a permanent and total long term disability in which Plaintiff cannot do any work for which she is or can become qualified by reason of her education, experience or training and is not expected to be able to continue such work for the duration of her life.

13. On or about May 17, 2011, Plaintiff ceased working due to a long term disability and submitted a claim to Defendant Hartford for long term disability benefits.

14. Effective August 16, 2011, Plaintiff's long term disability claim was approved and she began receiving benefits effective on said date.

15. On or about August 15, 2012, Plaintiff received a letter indicating that she would cease receiving long term disability payments effective August 16, 2012.

16. Plaintiff timely appealed the denial and cessation of her benefits.

17. By letter dated February 21, 2013, Defendant Hartford sent a letter informing Plaintiff of the appellate review of the adverse prior decision and informed Plaintiff that benefits are not payable.

18. Defendants' decision to deny Plaintiff long term disability benefits under the Policy was arbitrary and capricious.

19. Defendants have failed to provide long term disability benefits due Plaintiff under the Policy.

20. Defendants have failed to discharge their fiduciary duties with respect to the Policy solely in the interest of plan participants as required by 29 U.S.C. § 1104(a)(1).

WHEREFORE, premises considered, Plaintiff respectfully requests this Honorable Court for the following:

A. A declaration that Defendants have breached their fiduciary duties, responsibilities, and obligations imposed upon it under ERISA.

B. A declaration that Plaintiff is disabled within the meaning of the Policy and is entitled to long term disability benefits from the Policy.

C. Order Defendants to pay Plaintiff back benefits due under the Policy.

D. Order Defendants to pay prejudgment interest at the rate set by law on the disability benefits wrongfully withheld from Plaintiff or, if the amount is greater, order Defendants to pay her the amounts they have earned on the money wrongfully withheld from her as other equitable relief.

E. Order Defendants to pay Plaintiff the costs of her suit and reasonable attorney fees.

F. Grant such other and further relief to which Plaintiff is entitled.

Respectfully submitted this 16 day of April, 2013.

*(signature)*

John P. Dreiser (BPR #020743)
Tony Farmer (BPR# 1865)
Attorneys for the Plaintiff
1356 Papermill Pointe Way
Knoxville, TN 37919
(865) 584-1211